# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMIE SUE GONDER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1496 |
| v. | : | (JUDGE MANNION) |
| ANDREW SAUL, Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Karoline Mehalchick, which recommends that the final decision of the Commissioner denying plaintiff's claims be vacated and the action be remanded to the Commissioner to conduct a new administrative hearing before a constitutionally appointed Administrative Law Judge ("ALJ") other than the one who presided over the plaintiff's first hearing. Neither party has filed objections to the report and recommendation. Upon review, the report will be adopted in its entirety.

By way of relevant background, on July 27, 2018, plaintiff filed the instant Social Security appeal arguing that this action should be remanded for rehearing before a properly appointed ALJ pursuant to Lucia v. S.E.C.,

138 S.Ct. 2044 (2018), which held that certain federal agency ALJs were "Officers of the United States," within the meaning of the Appointments Clause of the United States Constitution, Art. II, §2, cl. 2, and therefore should have been appointed to their positions by either the President, a court of law, or the Department head. In this appeal, plaintiff argues that her case was heard by an ALJ who was appointed through a constitutionally infirm process which requires remand for a new administrative hearing before a constitutionally appointed ALJ. The Commissioner does not challenge that the ALJ in this matter was not properly appointed when he decided plaintiff's case but argues that the plaintiff failed to exhaust her administrative remedies under the Appointments Clause before filing the instant action.

On June 19, 2019, the Commissioner moved for a stay of any proceedings in this action pending the Third Circuit's ruling on the issue of whether claimants must exhaust Appointments Clause challenges before raising such challenges in the district court. See Bizarre v. Comm'r of Soc. Sec., No. 19-1773 (3d Cir. 2020) and Cirko v. Comm'r of Soc. Sec., No. 19-1772 (3d Cir. 2020). Judge Mehalchick stayed the instant action pending the Third Circuit's decision. On January 23, 2020, the Third Circuit decided Cirko finding that exhaustion was not required. Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020). The Third Circuit denied the

government's petition for rehearing *en banc* and a final mandate was issued on April 3, 2020. In light of Cirko, Judge Mehalchick recommends that the instant action be remanded for rehearing before a properly appointed ALJ. As indicated, neither party has filed objections to Judge Mehalchick's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Upon review of Judge Mehalchick's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Mehalchick to her conclusions. As such, the court will adopt Judge Mehalchick's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Mehalchick **(Doc. 34)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The final decision of the Commissioner denying plaintiff's claims is **VACATED**.

**(3)** The instant action is **REMANDED** to the Commissioner to conduct a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the plaintiff's first hearing.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 27, 2020**
18-1496-01